**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMSON O.C. FRAZIER, | No. 2:12-CV-0343-LKK-CMK-P |
| Petitioner, | |
| v. | ORDER |
| M.D. BITER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On August 22, 2013, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time. After receiving an extension of time to do so, petitioner timely filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a <u>de novo</u> review of this case.

Petitioner raises five grounds for relief in his petition. The magistrate judge recommends dismissal of all but the first ground for relief as procedurally barred, <u>see</u> Findings and Recommendations, filed August 22, 2013 (ECF No. 25) at 7-8, and he recommend dismissal of

1

the first ground for relief on the merits. Petitioner raises objections to the recommended denials of Grounds 1 and 5.

The magistrate judge's recommendation that Grounds 2 through 5 be dismissed on the ground of procedural default is based on the order of the Superior Court of Butte County, which denied a habeas petition filed by petitioner in that court on March 9, 2011 in part with citations to In re Robbins, 18 Cal. 4th 770 (1998) and In re Clark, 5 Cal.4th 750 (1993).[1] The state superior court denied the petition filed in that court by checking two boxes on a form order that lists twenty-four possible grounds for denial of a petition: first, that "[t]he facts alleged in the petition, if true, fail to establish a prima facie case for relief (In re: Duvall (1995) 9 Cal.4th 464, 474; and second, as untimely. Lodged Doc. 7 at 1-2. The state superior court judge also added a handwritten third ground for denial: "Defendant was notified of people's offer and did not accept it." Id. at 3.

The doctrine of procedural default limits federal habeas review of federal claims denied by state courts on procedural grounds. Under this doctrine, unless the default is excused

> a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. [Internal citations omitted.] A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ––––, ––––, 131 S.Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. ––––, ––––, 130 S.Ct. 612, 617–618, 175 L.Ed.2d 417 (2009).

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012). "A summary denial citing Clark and Robbins means that the [state habeas] petition has been rejected as untimely." Walker, 131 S.Ct. at 1122. And California's timeliness rule, as evidenced by summary denials citing to Clark and Robbins, is an independent and adequate ground which can be sufficient to preclude federal habeas corpus review under the doctrine of procedural default. See id. at 1127, 1131.

---

[1] Although petitioner sought and was denied habeas corpus relief at every level of the state court system, only the state superior court's order contained any statement of reasons for the denial. See Lodged Docs. 7, 8, 9.

1    Where, as here, there is one "reasoned" state court decision addressing petitioner's habeas
2    claims, the court "looks through" the silent denial of the California Supreme Court to that
3    decision and presumes the high court's decision "rest[s] upon the same ground." Ylst v.
4    Nunnemaker, 501 U.S. 797, 803 (1991); see Cannedy v. Adams, 706 F.3d 1148, 1157-58 (9th Cir.
5    2013). In addition, where "the last reasoned opinion on the claim explicitly imposes a procedural
6    default, we will presume that a later decision rejecting the claim did not silently disregard that
7    bar. . . ." Ylst, 501 U.S. at 803. Finally, where the reasoned state court decision rests both on a
8    procedural bar and on the merits, the doctrine of procedural default applies to all claims rejected
9    by the state court on procedural grounds. See Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir.
10   2003).

11   For all of the foregoing reasons, the court concurs with the magistrate judge's finding that
12   Grounds 2 through 5 of the petition were rejected by the state courts as untimely and that the
13   doctrine of procedural default may bar this court's consideration of those claims. As noted above,
14   the doctrine of procedural default bars federal habeas review of these claims unless the default is
15   excused.

> In the ordinary case, a state-court procedural default may be excused only if a habeas petitioner can demonstrate both "cause" for the default and resulting "prejudice" under Coleman v. Thompson[, 501 U.S. 722 (1991)].
>
> > "[C]ause" under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him: We think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.
>
> Coleman, 501 U.S. at 753, 111 S.Ct. 2546 (internal quotation marks omitted). To show "prejudice" under Coleman, the "habeas petitioner must show 'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (quoting United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)) (omission and emphasis in original).

28   Ha Van Nguyen v. Curry, 736 F.3d 1287, 1292 (9th Cir. 2013). In Martinez v. Ryan, 132 S.Ct.

3

Case 2:12-cv-00343-KJM-CMK   Document 29   Filed 03/04/14   Page 4 of 5

1309, the United States Supreme Court "relaxed the Coleman cause-and-prejudice standard for excuse from procedural default in a narrow category of cases." Ha Van Nguyen, 763 F.3d at 1292. The Martinez Court "established an equitable rule under which the failure of an ineffective counsel or pro se petitioner to raise, in a state court initial-review collateral proceeding, a claim of ineffective assistance of counsel ('IAC') at trial can be 'cause' to excuse a state-court procedural default." Id. at 1289.

> [A] federal habeas court [may] find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding ."

Trevino v. Thaler, ––– U.S. ––––, ––––, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) (quoting Martinez, 132 S.Ct. at 1318–1319, 1320–1321) .

The magistrate judge did not consider the application of Martinez and Thaler to petitioner's second or fifth ground for relief, both of which involve claims of ineffective assistance of counsel. For that reason, the court will not adopt the findings and recommendations with respect to those two grounds at this time and will remand the matter to the magistrate judge for further consideration. Since petitioner's motion for evidentiary hearing is based on ground 5, the motion will be denied without prejudice to its renewal, as appropriate, at a later stage of these proceedings.

The court finds the findings and recommendations fully supported with respect to the recommended dispositions of grounds 1, 3, and 4 and will adopt those findings and recommendations at this time.

Finally, in his objections petitioner requests appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice

1 would be served by the appointment of counsel at the present time.  Petitioner's motion for
2 appointment of counsel will be denied without prejudice.
3       In accordance with the above, IT IS HEREBY ORDERED that:
4       1.      The findings and recommendations filed August 22, 2013, are adopted in part;
5       2.      Ground 1 of petitioner's petition for writ of habeas corpus is denied on the merits;
6       3.      Grounds 3 and 4 of petitioner's petition for writ of habeas corpus are dismissed as
7 barred by procedural default;
8       4.      This matter is remanded to the magistrate judge for further consideration of
9 Grounds 2 and 5 in accordance with this order;
10       5.      Petitioner's motion for an evidentiary hearing (Doc. 22) is denied without
11 prejudice; and
12       6.      Petitioner's October 15, 2013 motion for appointment of counsel is denied without
13 prejudice.

Dated: March 4, 2014

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5